# EXHIBIT "2"

# EVANS ADJUSTERS

119, Underhill Road,
Mill Valley, CA 94941
Phone: 415-381-9223
Fax: 415-388-6510
PSEvans@comcast.net

CA License #2D26665

---

December 27, 2012

SEDGWICK, LLP
1717 Main Street, Suite 5400
Dallas, TX 75201

ATTENTION: Kimberly Steele

### RE:  JANICE B. SCHWARTZ & ROBERT GAYLE AMUNDSON, PARTNERS DBA J & J PROPERTIES
### VS
### CENTURY SURETY COMPANY
### Civil Action No.: 1:11-CV-217-C

Dear Ms. Steele:

You have requested my review of certain documentation and my opinions as to the reasonableness of claims handling in this matter.

In this case Janice B. Schwartz and Robert Gayle Amundson, Partners DBA J & J Properties (insured) have filed suit against Century Surety Company (Century) following claimed hailstorm damage to properties at 4201, 4130 and 4128 North First, Abilene, TX. My opinions are based upon my review of the documentation provided to date, more than 30 years of experience handling first party insurance claims of all types in various states and internationally, and accepted standards of practice within the Insurance Industry.

### COMPENSATION & PRIOR TESTIMONY:

My billing rate is $350.00 per hour for review, plus expenses. I have not authored or published any article or documents that are relevant to insurance claims handling. Attached are lists of cases in which I have testified at trial and at deposition within the past four years.

### MATERIALS REVIEWED:

1. Century Surety Policy CCP678018
2. Century Claim File
3. McCool File & Reports
4. Petition Filed October 4, 2011
5. Pleadings

SEDGWICK, LLP
J & J Properties
December 27, 2012
Page 2

6. Umpire's Appraisal Award

7. Texas Insurance Code, Chapter 541

8. Texas Insurance Code, Chapter 542

9. Plaintiff's Disclosure (J&J 00001-00304)

## QUALIFICATIONS:

I am attaching a copy of my current Curriculum Vitae which will summarize my career in the Insurance Industry from 1963 to the present. I have been employed by an insurance company, insurance brokers and independent loss adjusters, and am now self-employed as an independent loss adjuster and consultant, licensed in California, Washington and Texas.

I have been involved in the handling of first party property insurance claims since 1967 and have been working in the United States since 1978, investigating and adjusting first party claims of all types, including those involving hail damage. I have also been involved in the supervision and management of claims and have participated in insurance appraisals as a party appraiser and as an Umpire. I have been retained as a consultant or expert witness on numerous occasions, qualifying to testify at trial in State Courts in California and New Mexico and in Federal Courts in Louisiana, Mississippi, Nevada and Colorado.

## THE POLICY:

Century Surety Policy No. CCP678018 was issued to the insured for a period effective October 6, 2010, with relevant coverage subject to the terms and conditions of Business and Personal Property Coverage Form CP0010, as amended by endorsement, including Causes of Loss – Basic Form CP1010. The applicable deductible was $2,500.00 (Form CCF1512).

The property coverage was written with a valuation basis of Actual Cash Value.

## THE CLAIM:

Following a hailstorm that affected some parts of the Abilene area on or about April 24, 2011, the insured signed an agreement with public adjuster Rickey Conradt that Mr. Conradt would act as their public adjuster on the basis of a contingent fee of 8%. On June 9, 2011 Century was notified of claimed hail damage to the properties at 4128 and 4130 North First in Abilene.

After acknowledging receipt of the claim and discussing the matter with the insured, Century assigned independent adjusters Wheeler, Defusco & Associates to inspect and estimate the cost of needed repairs to the claimed hail damage. Wheeler, Defusco & Associates' senior adjuster Clarence Estes made contact with the public adjuster and carried out an inspection of the three insured properties on June 17, 2011. The public adjuster was not present at the time of the inspection.

SEDGWICK, LLP
J & J Properties
December 27, 2012
Page 3

Mr. Estes reported that the roofs of the buildings were not damage by hail. After discussion with Mr. Estes and with the public adjuster Century wrote to the insured confirming its finding that, in the absence of damage caused by hail, there could be no coverage. Copies of the letters were sent to the public adjuster and to the insured's broker.

Request was made by the broker for re-inspection but before this could be accomplished the insured evoked their right to appraisal under the terms of the policy (CP0010 Page 9 of 15 – E. Loss Conditions – 2). The parties nominated their appraisers who did not reach agreement as to the selection of the Umpire. After rejecting the names put forward by Century's appraiser the insured and their appraiser made unilateral application to the court for the selection of the Umpire.

Century also retained the services of Haag Engineering to carry out additional inspection. On September 16, 2011 Professional Engineer Timothy Marshall inspected the insured buildings, finding that hail had fallen recently in the area but that there was not evidence of damage caused by hail other than dents on aluminum fins on three Lennox air conditioners at 4201 North First Street. It was the engineer's opinion that the dented fins could be combed.

The appraisers were unable to reach agreement as to the existence or scope of hail damage caused by the April 24 storm or the cost of repairs and, though Century's appraiser provided an estimate of repairs beyond that relating to hail damage as determined by the engineering consultant, the Umpire's award was signed on August 30, 2012. The amounts of the umpire's award were far in excess of those recommended by Century's appraiser and he did not sign the award. The award was also in excess of the insured's original claim amount.

## **OPINIONS:**

Century responded promptly to the claim and retained an experienced and qualified independent adjuster to carry out an inspection on its behalf. It is customary for insurers to use the services of independent adjusters, who are required to be licensed in Texas and in many other states.

Century relied reasonably on the results of the inspections carried out both by independent adjuster Estes and by experienced and qualified Professional Engineer Timothy Marshall.

While it is not uncommon that appraisers fail to agree on the section of an Umpire, there is not evidence in this case that reasonable consideration was given by the insured's appraiser to the names suggested by the appraiser for Century. In my experience it is not customary for a party to make unilateral request to the court for selection of an Umpire.

Where claim is submitted under a specified peril coverage, as in this case, the insured has the burden to prove that the peril proximately causing the loss is covered by the policy. Here there appears to be genuine dispute as to the cause or extent of claimed damage from the April 24 storm. Notwithstanding the investigation carried out by Century, including the inspections by

SEDGWICK, LLP
J & J Properties
December 27, 2012
Page 4

Mr. Estes and Mr. Marshall, Century was unable to find damage by a covered peril to the roofs of the insured properties.

Chuck McCool, the competent and impartial appraiser selected by Century, was also unable to find significant damage that he could attribute to hail and was unable to accept the Umpire's proposed award. From the information available to date, it does not appear that the Umpire provided to Mr. McCool a breakdown of his calculations.

Replacement Cost Coverage is not provided under the terms of Century Policy CCP678018. As shown on the Commercial Property Coverage Part Declarations (Form CCF1500), valuation is at Actual Cash Value, and not at Replacement Cost.

## CONCLUSIONS:

Based on my experience in handling commercial property claims, including those involving hail damage, my review of the information and documentation provided to date, the specified perils coverage provided and custom and practice within the Insurance Industry, I conclude that the investigation and coverage determination made by Century was reasonable. Century relied reasonably on the work carried out by its experienced and qualified consultants and did not find evidence of any significant damage caused by a specified peril.

After making its coverage determination, Century acted reasonably in retaining an engineering consultant, carrying out additional inspection and by appointing its competent and impartial appraiser. Century was not afforded the opportunity of participating in the insured's application to the court for selection of an Umpire.

There appears to be genuine dispute as to the scope of damage caused by a specified peril and as to the reasonable Actual Cash Value of that damage.

There is not evidence of breach of the implied covenant of good faith and fair dealing, nor that Century violated Texas statute or engaged in unfair claims settlement practices.

I reserve the right to supplement my opinions or provide rebuttal as additional documents, transcripts of deposition testimony and expert reports become available.

Very truly yours,
EVANS ADJUSTERS

Peter Evans
Executive General Adjuster

PE:cmc

Enclosures
  CV – Peter Evans
  Listings of Deposition & Trial Testimony

# EXHIBIT "A"

# EVANS ADJUSTERS

119, Underhill Road,
Mill Valley, CA 94941
Phone: 415-381-9223
Fax: 415-388-6510
PSEvans@comcast.net

## PETER S. EVANS
Curriculum Vitae

**PROFESSIONAL EXPERIENCE**

Evans Adjusters                                                                 2003 -

> *Executive General Adjuster/Owner*
> Large/complex loss adjuster, First party claims
> Appraiser or Umpire for Policy Appraisals
> Consultant/Expert Witness in disputed matters.
> California License #2D26665
> Washington License #749072
> Texas License #1759390

The ASU Group, Novato, CA (Successor to D.L. Glaze Co.)                         1999-2003

> *Vice President General Adjuster Operations/Executive General Adjuster*
> Responsible for supervision of adjusters and promotion of all aspects of the business, with special emphasis on property lines.
> Executive General Adjuster involved in property related losses of all types.
> Director, ASU Group General Adjuster program
> Consultation with attorneys and retention as expert for file review, deposition and testimony on claims handling practices in First Party and Concurrent Causation cases.
> Appraiser or Umpire when selected for Insurance Code 2071 Appraisals.
>
> Speaker/panelist at educational Seminars and Conferences, including the following groups:
> > Loss Executives Association
> > National Forum for Property Loss Professionals
> > Property Loss Research Bureau
> > California Association of Independent Insurance Adjusters
> > Property Claims Association of the Pacific
> > San Francisco Insurance Claims Forum
> > R.I.M.S. Santa Clara Valley Chapter
> > Defense Research Institute
> > A.B.A. – T.I.P.S. Section
> > Claims Conference of Northern California
> > U.S. Dept of Commerce, Hurricane Mitch Insurance Conference, El Salvador
> > U.S. Delegate to OECD Insurance Committee, Paris, France

D. L. Glaze Company, Inc., Mill Valley, CA                                      1978-1999
> *Executive Vice President/Executive General Adjuster*
> > Duties and responsibilities as above.

# PETER S. EVANS
Curriculum Vitae
Page Two

| | |
|---|---|
| Cunningham, Hart & Co., Chartered Loss Adjusters, London, England<br>*Senior adjuster*<br>    Involved predominantly with First Party and Bond Losses. | 1975-1978 |
| Chandler, Hargreaves, Whittall & Co., Lloyds' Brokers, London, England<br>*Senior Claims Broker* | 1974-1975 |
| Bishop, Skinner & Co., Ltd, Insurance Brokers, London, England<br>*Account/Claims Executive* | 1972-1974 |
| Hart & Co., Chartered Loss Adjusters, London, England<br>*First Party Claims Adjuster* | 1967-1972 |
| Bland Welch & Co., Lloyds' Brokers, London, England<br>*Placing Broker at Lloyds'* | 1964-1967 |
| General Accident Fire & Life Assurance Corporation, London, England<br>*Insurance Trainee* | 1963-1964 |

## EDUCATION

General Certificate of Education – Advanced Level, Ardingly College, Sussex, England

## PROFESSIONAL AFFILIATIONS

   Registered Professional Adjusters (Founding Director)
   Leading International Property Adjusters
   Loss Executives Association (Associate Member)
   Property Claims Association of the Pacific (President 1994-1995)
   California Association of Independent Insurance Adjusters (President 1999-2000)
   National Association of Independent Insurance Adjusters
   Federation of Defense & Corporate Counsel (Associate Member)

## PERSONAL

   Married, two sons
   Interests – outdoor sports, sailing and yacht racing.

# EXHIBIT "B"

## PETER EVANS – TRIAL TESTIMONY 2003-2012

Cleveland Construction vs. Broadmoor Roy Anderson – Federal Court, Shreveport, Louisiana

County of Los Angeles vs. Aetna et al. – Orange County, California (percipient witness)

Radosevich vs. AMCO – Alameda County, California

Greier vs. State Farm – San Francisco County, California

Insurance Company of the West vs. Insurance Ventures – San Diego, California (Arbitration)

Harold vs. California Casualty – Sacramento County, California

Moyle vs. Golden Eagle – San Diego County, California

XL Insurance vs. Marsh Inc. – Washington, D.C. (Arbitration)

Laing & Tinney Inc. vs. Firemans Fund – San Mateo County, California

Wong vs. Prudential – San Francisco County, California

Polymer Plastics vs. Hartford – Federal Court, Reno, Nevada

WMS Inc. vs. Federal Insurance – Federal Court, Gulfport, Mississippi

James River Insurance vs. Rapid Funding – Federal Court, Denver, Colorado

Pomerantz vs. Kemper – San Diego County, California

Smally vs. Nationwide Insurance – Marin County, California

Mave Enterprises Inc. vs. Travelers – Los Angeles, CA (Arbitration)

# EXHIBIT "C"

## RECENT DEPOSITION TESTIMONY

| DATE | CASE |
| --- | --- |
| July, 2004 | Wyndham Hotels vs. ACE American Insurance Company et al. |
| August, 2004 | Keirnes vs. USAA |
| February, 2005 | Harold vs. California Casualty |
| March, 2005 | Radosevich vs. AMCO |
| April, 2005 | Greier vs. State Farm |
| July, 2005 | RLI vs. Wood Recycling |
| August, 2005 | Farmers vs. Lennar |
| September, 2005 | ADCO Construction Litigation (Percipient Witness) |
| November, 2005 | Olathe Senior Apts. vs. ACE Ins. Co. et al. (Percipient Witness) |
| December, 2005 | Archer Western vs. Allianz |
| March, 2006 | Polymer Plastics vs. Hartford |
| March, 2006 | Northshore POA vs. State Farm |
| July, 2006 | Christal vs. Hartford |
| July, 2006 | Moyle vs. Golden Eagle |
| July, 2006 | Winn-Dixie Stores vs. XL Insurance America |
| November, 2006 | Senna Investments, LLC. vs. Fidelity & Deposit Company of MD |
| February, 2007 | Wong & Lehman vs. Prudential |
| February, 2007 | Laing & Tinney vs. Firemans Fund |
| February, 2007 | Fort Bragg Unified School District vs. Solano Roofing et al. |
| July, 2007 | Travelers Insurance vs. River Valley Insurance Agency |
| July, 2007 | Goetz vs. State Farm |
| July, 2007 | Davis vs. State Farm |
| July, 2007 | Eagan vs. State Farm |
| September, 2007 | Debarteleben vs. State Farm |
| January, 2008 | Pyramid Hotel Operating Venture vs. Lexington et al. |
| March, 2008 | Fourth Street Place LLC vs. Travelers et al. |
| May, 2008 | Fung vs. State Farm |

| | |
|---|---|
| May, 2008 | Marmillion vs. American International Insurance Company, et al. |
| June, 2008 | WMS Industries vs. Federal Insurance |
| June, 2008 | RCMC Inc. vs. Westchester Surplus Lines, et al. |
| July, 2008 | R & R Sails vs. Insurance Company of the State of Pennsylvania |
| September, 2008 | James River Insurance vs. Rapid Funding |
| October, 2008 | Hayes vs. Travelers |
| November, 2008 | North American Health Care vs. Affiliated FM Insurance Company |
| February, 2009 | Plaquemines Parish School Board vs. Industrial Risk Insurers |
| August, 2009 | Zurich American Insurance Company vs. Coeur Rochester Inc. |
| November, 2009 | Creekside Townhomes HOA vs. Travelers Casualty Surety Company |
| January, 2010 | Penford Corp vs. National Union & ACE International |
| January, 2010 | Dominion Exploration vs. Ameron International (ACE) |
| January, 2010 | Pomerantz vs. Kemper Independence Insurance |
| January, 2010 | Carriage Hills HOA vs. U.S. Fire et al. (Percipient Witness) |
| February, 2010 | Certain Underwriters at Lloyd's et al. vs. Tyson Foods |
| March, 2010 | RCA Holdings Ltd. vs. Commonwealth Insurance |
| March, 2010 | Bruner vs. Northwest Dentists Insurance Company et al. |
| July, 2010 | South Coast Metal Finishing inc. vs. Peerless Insurance Company |
| July, 2010 | Henderson vs. Travelers Property Casualty Insurance Company |
| October, 2010 | Lee vs. Safeco |
| February, 2011 | Smally vs. Nationwide |
| August, 2011 | Mave Enterprises vs. Travelers |
| October, 2011 | IRA Services vs. Zurich |
| December, 2011 | Trident Seafoods vs. Commonwealth Insurance Company |
| March, 2012 | PLIA vs. Travelers |
| March, 2012 | Milhouse vs. Travelers |
| June, 2012 | Scarpa vs. Travelers |
| August, 2012 | Agarwal vs. Oregon Mutual Insurance Company |